NEWPORT.

---

CATHERINE SOUTHWICK, Appellant, *vs.* PROBATE COURT OF MIDDLETOWN.

Under Pub. Laws R. I. cap. 298, relating to the administration of the estate of any person who has left home and not been heard from for seven years, which provides that when "a notice of intention to apply for letters of administration or to prove the last will and testament of such person," has been given in the manner and for the length of time prescribed, "the last will and testament of such person may be proved and letters of administration may be granted on such person's estate as if he were dead," either a notice of intention to apply for letters of administration, or a notice of intention to prove the last will and

testament of such person is sufficient to authorize the Court of Probate to act either upon an application to grant letters of administration or upon an application to prove a will.

APPELLANT'S. petition for a new trial.

*Providence, November* 14, 1893.    MATTESON, C. J.    This is an appeal from a decree of the Probate Court of Middletown, admitting to probate an instrument in writing, purporting to be the last will and testament of Alfred W. Southwick. The case was tried at the March Term, 1893, of the Supreme Court for the county of Newport. Evidence was adduced of the death of Alfred W. Southwick, and that notice had been given by the appellant of her intention to apply for letters of administration in accordance with the provisions of Pub. Laws R. I. cap. 298, passed April 18, 1882, as follows:

"SECTION 1.    Section 8 of chapter 184 of the Public Statutes is hereby amended so as to read as follows:

"SEC. 8.    Whenever it shall be proved to the satisfaction of the court of probate of any town that any person domiciled in such town at the time of his departure, has left his home and not been heard from directly or indirectly for the term of seven years, and that a notice of intention to apply for letters of administration or to prove the last will and testament of such person has been published for three months in each issue of some newspaper in the city of Providence, and also in each issue of some newspaper in the county in which he was domiciled, and been posted for three months in three or more public places in said town, and that such other notice as the court may deem best has been given to the relations and heirs, the last will and testament of such person may be proved and letters of administration may be granted on such person's estate as if he were dead. The notices shall contain a brief description of such person, his age, name and such other characteristics as shall identify him, and no distribution of his estate shall be made until three years after the administration has been granted under the provisions of this section."

The appellant objected to the admission and sufficiency of

the notice, so given, as a basis of a proceeding for the probate of the will, and her objection being overruled, excepted to the ruling. The jury found that the instrument was the last will and testament of Alfred W. Southwick. The appellant, thereupon, filed this motion for a new trial.

In support of the motion, the appellant contends that, as the notice was of an intention to apply for letters of administration, it affords no basis for an application for the probate of a will; and, further, that even if this be not so the notice was insufficient, because it specified no time and place for carrying out that intention.

We do not think that these contentions can be sustained. The language of the statute is in the alternative; that whenever it shall be proved to the satisfaction of the Court of Probate that a notice of intention to apply for letters of administration or to prove a last will and testament has been published, &c., the last will and testament of the person may be proved and letters of administration may be granted on his estate as if he were dead. Evidently the sole purpose of the statute was to give publicity to the fact of the intention to institute proceedings for the disposition of the estate of a person who had left his home and not been heard from for the period specified in the statute, to the end that such person, if living, might have notice of such intention and make known the fact that he was alive before the action contemplated had been taken. This purpose would be as effectually accomplished, whether the notice be of an intention to take out letters of administration or to apply for the probate of his will, and, therefore, it seems to us that notice in either form, the statute being in the alternative, is sufficient to warrant the action of the Court of Probate, whether it be the granting of letters of administration or the probate of a will.

The statute does not require that the notice of intention should specify the time and place for carrying out the intention. Its purpose, for aught that we can see, would be as well fulfilled without such specification as with it. Other statutory provisions require that when application has been made to the Probate Court, notice on the application shall be

given of the time at which the court will proceed with its consideration.

Appellant's motion for a new trial denied and dismissed, with costs.

*Patrick J. Galvin & Charles Acton Ives*, for appellant.

*Nathan W. Littlefield & William P. Sheffield, Jr.*, for appellee.

